IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES G. FADELY,

    Plaintiff,

      v.

BLUE CROSS AND BLUE SHIELD
OF GEORGIA, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-1409-TWT

## ORDER

      This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").  It is before the Court on the Defendant Encompass' Motion to Dismiss [Doc. 9].  For the reasons set forth below, the Court DENIES the Defendant's Motion to Dismiss.

## I. Background

      The Plaintiff, James G. Fadely, was employed by Crawford Communications ("Crawford") for several years.  Crawford has since changed its name to Encompass Digital Media, Inc. ("Encompass").  In 2009, shortly after his sixty-fifth birthday, Crawford terminated Fadely.  (Compl. ¶ 23.)  Fadely had several substantial health concerns at the time–he had had multiple heart attacks, open heart surgeries, and

artery disease diagnoses.  (Compl. ¶ 26.)  After his termination, Fadely sought the assistance of Crawford's Human Resources department in determining whether he should continue coverage of his health benefits pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") or simply enroll in Medicare. (Compl. ¶ 28.)  Fadely alleges that Crawford incorrectly advised him, telling him to simply enroll in Medicare Part A–not Part B–and elect COBRA continuation coverage.  (Compl. ¶ 29.)  Fadely followed Crawford's advice, enrolling in COBRA continuation coverage administered by Blue Cross and Blue Shield of Georgia ("Blue Cross"); if not for Crawford's advice, Fadely states that he would have enrolled in Medicare Part B.  (Compl. ¶¶ 30-32.)

After his termination, Fadely incurred substantial medical expenses.  For a year, Blue Cross paid each claim, and then allegedly without notifying Fadely, began to recoup benefits paid to medical providers who treated Fadely.  (Compl. ¶ 39.)  Fadely alleges that Blue Cross began recouping benefits paid to Fadely's health care providers as if he had coverage under Medicare Part B as primary coverage for the period from May 1, 2009 to August 31, 2010. (Compl. ¶¶ 55-57.)  Fadely incurred substantial financial liability as a result of this recoupment of benefits, and did not receive a response to his repeated inquiries to Encompass and Blue Cross regarding his health care coverage.

Fadely filed a Complaint in this Court on April 29, 2011 [Doc. 1].  He alleges that Encompass and Blue Cross ("Defendants") violated ERISA with the following conduct: Defendants refused to provide requested information ("Count I") (Compl. ¶¶ 122-28, 129-35); Defendants made misrepresentations (Compl. ¶¶ 136-44, 145-52); Defendants breached their fiduciary duty based on a misrepresentation (Compl. ¶¶ 153-57, 158-62); Defendants failed to timely notify Plaintiff of an adverse benefit determination (Compl. ¶¶ 163-69); Defendants failed to reference the specific plan provision on which the denial was based (Compl. ¶¶ 170-73, 174-78); and Defendants failed to describe review procedures, including applicable time limits and the right to bring a civil action.  (Compl. ¶¶ 179-82.)  Count I is alleged to be a violation of 29 U.S.C. § 1132(c); all other ERISA claims are brought seeking equitable relief under 29 U.S.C. § 1132(a)(3).  If the Court finds that one or both of the Defendants is not the type of entity against which relief may be sought under ERISA, the Plaintiff brings Georgia state law claims for negligent misrepresentation against the Defendants (Compl. ¶¶ 183-84, 185-85) and failure to exercise ordinary diligence in connection with administration claims pursuant to O.C.G.A. § 51-1-48 against Blue Cross. (Compl. ¶¶ 187-88.)  On July 19, 2011, Blue Cross answered the Complaint while asserting various defenses [Doc. 6].  On August 5, 2011, Encompass filed a Motion to Dismiss [Doc. 9].

## II.   Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

III.  Discussion

A.    Standing

The Defendant argues that Fadely does not have standing to sue under ERISA. Under ERISA, all "participants" have standing to bring civil actions to enforce their rights under the terms of a covered benefit plan or to enforce ERISA's provisions. See 29 U.S.C. § 1132(a).  A "participant" is defined under the statute as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ..." 29 U.S.C. § 1002(7).  According to the Supreme Court, this term also includes former employees who "have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits."  Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989) (citations and quotation marks omitted).

Courts disagree about whether a plaintiff must continue to be a "participant" at the time the complaint is filed, or whether it is sufficient for a plaintiff to have been a "participant" at the time the alleged ERISA violations occurred.  Compare Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 101 (2d Cir. 2005) (holding that statutory standing must be evaluated at the time the complaint is filed and participants can lose standing to sue if their participant status is terminated before suit is filed) with Daniels

v. Thomas & Betts Corp., 263 F.3d 66, 78 (3d Cir. 2001) (holding that statutory standing is evaluated at the time of the ERISA violation, not when the complaint is filed). The Eleventh Circuit appears to agree with the Third Circuit. In Piazza v. EBSCO Indus., Inc., 273 F.3d 1341 (11th Cir. 2001), a class of plaintiffs brought a claim for breach of fiduciary duty against their employer, EBSCO Industries. The plaintiffs asserted that EBSCO Industries operated competing companies, which reduced EBSCO's profits, and consequently, reduced EBSCO's profit-sharing contributions to the plaintiffs' ERISA retirement plan. The Eleventh Circuit found that a plaintiff could represent a class in an ERISA claim for breach of fiduciary duty for the period that he was a participant of the defendant's plan, even though he no longer was a participant when he filed the complaint. Id. at 1350-51.

Moreover, Varity Corp. v. Howe, 516 U.S. 489 (1996), appears to support the argument that statutory standing is evaluated at the time of the ERISA violation in a § 1132(a)(3) case. In Varity, the employer made misrepresentations to the plaintiffs while they were participants in an ERISA plan, which caused the plaintiffs to make elections that caused them financial loss. Id. at 492-94. The plaintiffs brought suit after their benefits were terminated and they were no longer covered under the plan. Id. at 494. The Court allowed the plaintiffs to bring a claim under § 1132(a)(3) when it specifically said that the plaintiffs would not be allowed to bring a claim under §

1132(a)(1)(B).  Id. at 515.

The Court will thus assess whether the Plaintiff was a "participant" in the Defendant's ERISA Plan when the allegedly impermissible conduct occurred.  The Plaintiff alleges that he was a participant in the Defendant's COBRA Plan during all of the conduct giving rise to the Complaint.  Under COBRA, sponsors of ERISA group health plans must offer plan beneficiaries the option to elect "continuation coverage" for a limited period following employment termination.  29 U.S.C. §§ 1161(a), 1162(2).  Continuation coverage is defined as "coverage under the plan ..." 29 U.S.C. § 1162.  "A claim regarding the allegedly wrongful denial of benefits to a plaintiff covered under such a continuation of coverage is governed by ERISA." Mattive v. Healthsource of Savannah, Inc., 893 F. Supp. 1556, 1558 (S.D. Ga. 1995). Therefore, the Plaintiff has standing to bring claims arising from conduct that occurred while he was enrolled in the Defendant's COBRA Plan, and Counts I-X cannot be dismissed on these grounds.

B.    Administrator Liability

Encompass brings to the Court's attention that "only a plan administrator can be liable under § 1132(c) for statutory penalties."  Kennedy v. Metropolitan Life Ins. Co., 357 F. Supp. 2d 1346, 1349 (M.D. Fla. 2005).  However, 29 U.S.C. § 1132(c) only refers to reporting requirements, such as the "refusal to supply requested

information," which is the basis for the Plaintiff's claim in Count I. The Plaintiff

brings the rest of his ERISA claims against Encompass under 29 U.S.C. § 1132(a)(3).

29 U.S.C. § 1132(a)(3) provides that:

> A civil action may be brought by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

In Harris Trust & Savings Bank v. Salomon Smith Barney, Inc., 530 U.S. 238

(2000), the Court held that § 1132(a)(3) imposes no limits on "the universe of possible

defendants." Id. at 246.  The Harris Trust Court was faced with a violation of §

406(a), which prohibits fiduciaries from favoring other entities at the expense of the

ERISA plan's beneficiaries.  The Court held that ERISA's authorization to a plan

"participant, beneficiary, or fiduciary" to bring a civil action for "appropriate

equitable relief" allowed a suit against a nonfiduciary that entered into a transaction

prohibited by § 406(a) with a plan fiduciary.  Harris Trust, 530 U.S. at 238.

Nevertheless, the Court cannot determine which entity is the Plan Administrator

at this time.  Encompass attached an affidavit to its Motion to Dismiss from its Senior

Vice President of Business & Legal Affairs, John Halpin.  He states that "Encompass

lacks any 'decisional control' over any claims decisions made with respect to the

Company Plan" (Halpin Aff. ¶ 6) and that "Encompass reserves no right to review or overturn the claims decisions made by BCBSGA with regard to the Company Plan." (Id. at ¶ 8.)  Blue Cross responded to Encompass' Motion to Dismiss by arguing that Encompass is the "Plan Administrator" and attaching the Blue Choice PPO Master Contract, including the Group Application and the Certificate Booklet for the PPO 418 coverage [Doc. 16].

To resolve the issue of whether Encompass or Blue Cross is the Plan Administrator would require the Court to convert Encompass' Rule 12(b)(6) motion into a summary judgment motion under Rule 56.  The Court declines to do this.  The Plaintiff alleged that Encompass was the plan sponsor in the Complaint, and the Court finds this sufficient to survive the Motion to Dismiss.

C.    Fiduciary Liability

Count V of the Complaint is a breach of fiduciary duty claim against Encompass based on misrepresentation.  "To establish liability for a breach of fiduciary duty under any of the provisions of ERISA § 502(a), a plaintiff must first show that the defendant is in fact a fiduciary with respect to the plan." Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1277 (11th Cir. 2005) (citing Baker v. Big Star Div. of the Grand Union Co., 893 F.2d 288, 289 (11th Cir. 1989)). Encompass contends that it is not a fiduciary as defined by ERISA.  ERISA defines

a "fiduciary" as follows:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002(21)(A).  "Under this definition, a party is a fiduciary only to the extent that it performs a fiduciary function.  As such, fiduciary status is not an all-or-nothing concept, and a court must ask whether a person is a fiduciary with respect to the particular activity at issue."  Cotton, 402 F.3d at 1277 (citations and quotation marks omitted).  Thus, a plan administrator may be a fiduciary with respect to certain activities but not with respect to others.

Encompass argues that a party is not a "fiduciary" if it does not have the authority to review benefit claims and denials.  (Def.'s Mot. to Dismiss, at 8.)  Yet Encompass only cites cases in which the bases of the plaintiffs' claims were for wrongful denial of benefits and the entities were found to have no discretionary authority or control for determining benefits.  See Baker v. Big Star Div. of the Grand Union Co., 893 F.2d 288 (11th Cir. 1989); Singleton v. Board of Trustees, 815 F.

Supp. 448 (N.D. Ga. 1993).  Thus, the defendants in these cases were not fiduciaries with respect to the particular activity at issue; these cases do not provide guidance beyond reaffirming the principle that fiduciaries must be fiduciaries with respect to the particular activity at issue.  See Cotton, 402 F.3d at 1277.

In the present case, the particular activity at issue is Encompass' alleged negligent misrepresentation.  The Plaintiff argues that Encompass assumed a fiduciary status when it advised the Plaintiff that he should elect COBRA and not Medicare Part B.  (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 20.)  Thus, the Court must consider whether Encompass acted as a fiduciary when it advised the Plaintiff as to his health insurance options.  In making this determination, the Court must consider whether Encompass' agent "exercise[d] any discretionary authority or discretionary control respecting management of [the] plan" or "ha[d] any discretionary authority or responsibility in the administration of [the] plan," 29 U.S.C. § 1002(21)(A), or, on the other hand, merely performed a "ministerial and not discretionary" function.  Skilstaf, Inc. v. Adminitron, Inc., 66 F. Supp. 2d 1210, 1216 (M.D. Ala. 1999).

The Plaintiff relies exclusively on Varity Corp. v. Howe, 516 U.S. 489 (1996), for the proposition that an employer who advised employees to make certain elections related to their employee benefits acted as a "fiduciary" in that context.  Id. at 503. The Varity Court held that such an act was an act of plan administration.  Id. at 504.

The Varity Court's reasoning regarding what constitutes an act of plan administration

can be applied to the facts of this case, as illustrated in the following passage:

> Conveying information about the likely future of plan benefits, thereby
> permitting beneficiaries to make an informed choice about continued
> participation, would seem to be an exercise of a power "appropriate" to
> carrying out an important plan purpose.   After all, ERISA itself
> specifically requires administrators to give beneficiaries certain
> information about the plan....To offer beneficiaries detailed plan
> information in order to help them decide whether to remain with the plan
> is essentially...plan-related activity.

Varity, 516 U.S. at 502-03.

In addition to being an act of "plan administration," the act must be

"discretionary" to invoke fiduciary status under ERISA.  See, e.g., Pohl v. National

Benefits Consultants, Inc., 956 F.2d 126, 129 (7th Cir. 1992) ("ERISA makes the

existence of discretion a *sine qua non* of fiduciary duty.").  Here this Court notes that

the Varity Court considered "the factual context in which the statements were made,"

and that the factual context in Varity is readily distinguishable from the factual context

in this case.  Varity, 516 U.S. at 503.  In Varity, officers of the Varity Corporation

called a meeting for present employees and engaged in "deliberate deception" by

persuading employees to accept a change in their benefit plan to the employees'

financial detriment and Varity Corporation's financial gain.  Id. at 493-94.  In the

present case, the Plaintiff alleges that, as a former employee, he initiated contact with

Crawford's Human Resources Department to ask an employee in the department whether he should elect COBRA continuation coverage.  (Compl. ¶ 28.)  In the eyes of this Court, the primary factual distinction between <u>Varity</u> and the present case is an intentional misrepresentation in the former and an allegedly negligent misrepresentation in the latter.  The <u>Varity</u> Court emphasized:

> We accept the undisputed facts found, and factual inferences drawn, by the District Court, namely, that Varity *intentionally* connected its statements about Massey Combines' financial health to statements it made about the future of benefits, so that its intended communication about the security of benefits was rendered materially misleading.  And we hold that making intentional representations about the future of plan benefits in that context is an act of plan administration.

<u>Id.</u> at 504 (emphasis in original).  The Plaintiff has adequately pleaded a claim for breach of fiduciary duty.  Whether the facts of the case support such a claim may be revisited at summary judgment.

D.    <u>State Law Claims</u>

The Plaintiff brings a state law claim for negligent misrepresentation against Encompass in addition to maintaining an ERISA claim for negligent misrepresentation.  ERISA's preemption section, 29 U.S.C. § 1144(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  The Supreme Court has preserved and reinforced Congress' broad view of ERISA preemption, interpreting the

phrase "relate to" in ERISA's preemption clause to include any state law claim that "has a connection with or reference to" an employee benefits plan.  <u>New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 656 (1995) (quoting <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85, 96-97 (1983)).  The Court of Appeals for the Eleventh Circuit has further instructed that a "state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits."  <u>Franklin v. QHG of Gadsden, Inc.</u>, 127 F.3d 1024, 1028 (11th Cir. 1998) (quoting <u>Garren v. John Hancock Mut. Life Ins. Co.</u>, 114 F.3d 186, 187 (11th Cir. 1997)).  The Plaintiff's state law claims may be preempted if his ERISA claim survives.  That is to be determined later.

## IV.  <u>Conclusion</u>

For the reasons set forth above, the Court DENIES the Defendant's Motion to Dismiss [Doc. 9].

SO ORDERED, this 18 day of October, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge